UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADRIAN CONTRERAS-REBOLLAR,<br><br>              Petitioner,<br><br>v.<br><br>JAMES KEY,<br><br>              Respondent. | CASE NO. C15-5471BHS-JRC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND REFERING FOR FURTHER CONSIDERATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 38), and Petitioner Adrian Contreras-Rebollar's ("Petitioner") objections to the R&R (Dkt. 43).

On August 29, 2016, Judge Creatura issued the R&R recommending that the Court deny grounds 1 and 2 of the petition on the merits and dismiss grounds 3 and 4 without prejudice. Dkt. 38. On November 16, 2016, Petitioner filed objections. Dkt. 43. On November 21, 2016, the government responded. Dkt. 45.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

ORDER - 1

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Petitioner asserts numerous errors in the R&R. The main issue, however, is not what is in the R&R, it is with what is not in the R&R. Originally, Petitioner's claim was that the trial court erred in denying his motion for a mistrial and by removing his retained co-counsel from the proceeding. Dkt. 15, Exh. 14 at 6. The state court framed the latter issue as ineffective assistance of counsel by remaining counsel when co-counsel was removed. *Id*. at 9–10. In this petition, Petitioner stated that the issue was whether the trial court abused its discretion when "it excluded petitioner's retained co-counsel of choice." Dkt. 5 at 5. The R&R addresses the issue of denying a mistrial, but not the issue of denying Petitioner his counsel of choice. Although the relevant law is cited in the R&R, Dkt. 38 at 17, the ultimate conclusion is that co-counsel of choice was "properly excluded" from the courtroom because he became a witness, instead of Petitioner being denied his counsel of choice, *Id*. at 26–27. In his objections, Petitioner expresses frustration with the fact that neither the courts nor the government has addressed "the exclusion of [his] privately retained co-counsel . . . ." Dkt. 43 at 2. Ultimately, Petitioner's claim that he was denied his counsel of choice may be unexhausted because it appears that it was not presented to the state court in this fashion. However, the Court finds that it should be addressed to perfect the record. Therefore, the Court will refer the matter for further consideration of the potential claim of whether deprivation of Petitioner's counsel of choice violated his Sixth Amendment right. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 145 (2006).

1     Regarding the claims addressed in the R&R, the Court finds no error.  The state
2 court's adjudication of the denial of the mistrial and the ineffectiveness of remaining co-
3 counsel did not violate clearly established federal law.  Therefore, the Court having
4 considered the R&R, Petitioner's objections, and the remaining record, does hereby find
5 and order as follows:

6     (1)    The R&R is **ADOPTED in part**;

7     (2)    Ground 2 is **DENIED** on the merits;

8     (3)    Grounds 3 and 4 are **DISMISSED without prejudice**; and

9     (4)    The matter is referred for further consideration of a potential Sixth
10     Amendment claim within ground 1.

11 Dated this 17th day of January, 2017.

BENJAMIN H. SETTLE
United States District Judge