UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ADRIAN CONTRERAS-REBOLLAR,

          Petitioner,

   v.

JAMES KEY,

          Respondent.

CASE NO. 3:15-CV-05471-BHS

ORDER

This matter comes before the Court on petitioner's filing of a "Motion for Reconsideration Based on Reviewing Judge's Potential & Actual Bias," in which he requests that the undersigned recuse himself because the undersigned is biased and prejudiced. Dkt. 57. The undersigned finds no reason to recuse himself voluntarily and declines to do so. However, petitioner's motion is referred to the Chief Judge for a determination of its merits.

**DISCUSSION**

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge also shall disqualify himself where he "has a personal bias or prejudice concerning a

party." 28 U.S.C. § 455(b)(1). Further, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. Local Rule LCR 3 additionally provides that:

**(e) Motions to Recuse**

Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id.* at 555.

On January 17, 2017, on District Judge Settle adopted in part, and declined to adopt in part, the undersigned's report and recommendation. Dkt. 49 District Judge Settle re-referred this matter to the undersigned for consideration of petitioner's claim that he was denied counsel of choice in violation of the Sixth Amendment. *Id.* Plaintiff now contends that the undersigned has an actual bias in this case because the undersigned "never touched on petitioner's raised arguments, and never properly adjudicated the facts and legal premises of petitioner's briefing and, only too readily sided with respondent's arguments which only sidestepped petitioner's legal premises." Dkt. 57 at 2.

Petitioner presents no facts to support his allegations of bias and instead, his motion merely reflects his disagreement with the undersigned's recommendation. However, as noted above, adverse judicial rulings alone do not constitute a basis for bias. *Liteky v. United States*, 510 U.S. 540 (1994). The undersigned has no personal bias or reason to be partial to one side or the other in this matter, and the undersigned makes rulings in each case based upon the issues presented by the parties or upon *sua sponte* review by the Court. Accordingly, the undersigned finds no reason to recuse himself voluntarily and declines to do so.

## CONCLUSION

There is no reasonable basis for a voluntary recusal in this instance. However, petitioner's motion shall be referred to the Chief Judge for a determination of its merits. LCR 3(e). Accordingly it is hereby **ORDERED** that the undersigned **DECLINES** to recuse voluntarily. Petitioner's motion for recusal of the undersigned is **REFERRED** to Chief Judge Ricardo Martinez for decision and the Clerk of the Court is directed to place the motion for the recusal of the undersigned on Judge Martinez's motion calendar.

1    This action and all motions currently pending before the Court are hereby **STAYED**
2 pending resolution of the recusal issue. No further motions shall be filed in this matter until the
3 stay is lifted.  Any motion filed while the matter is stayed shall not be considered and shall be
4 dismissed.
5    Dated this 21st day of June, 2017.

J. Richard Creatura
United States Magistrate Judge