UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADRIAN CONTRERAS-REBOLLAR, | CASE NO. C15-5471BHS |
| Petitioner, | ORDER ON REVIEW OF REFUSAL TO RECUSE |
| v. | |
| JAMES KEY, | |
| Respondent. | |

This matter comes before the Court on Petitioner's motion to recuse U.S. Magistrate Judge J. Richard Creatura. Dkt. #57. Upon review of the motion, Judge Creatura declined to recuse himself. Dkt. #59. In accordance with the Local Rules of this District, Petitioner's motion was referred to the Undersigned for a review of Judge Creatura's refusal to recuse. LCR 3(e).

Petitioner bases his motion to recuse both on a recent ruling that Judge Creatura has issued in his case, and on procedural circumstances which he believes give rise to a suggestion of bias or impartiality. Dkt. #59 at 2-8.

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

1        Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate

2    if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality

3    might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th

4    Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not

5    whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United*

6    *States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540

7    (1994), the United States Supreme Court further explained the narrow basis for recusal:

8            [J]udicial rulings alone almost never constitute a valid basis for a bias or
             partiality motion. . . . [O]pinions formed by the judge on the basis of facts
9            introduced or events occurring in the course of the current proceedings, or of
             prior proceedings, do not constitute a basis for a bias or partiality motion
10           unless they display a deep seated favoritism or antagonism that would make
             fair judgment impossible. Thus, judicial remarks during the course of a trial
11           that are critical or disapproving of, or even hostile to, counsel, the parties, or
             their cases, ordinarily do not support a bias or partiality challenge.
12
     *Id*. at 555.
13
         A judge's conduct in the context of previous judicial rulings does not constitute the
14
     requisite bias under 28 U.S.C. § 144 or § 455 if those rulings are prompted solely by information
15
     that the judge received in the context of the performance of his duties. Bias is almost never
16
     established simply because the judge issued adverse rulings against a party, even when those
17
     adverse rulings are wholly or partially overturned. Judges are human and occasionally make errors
18
     in legal reasoning. Such errors, standing alone, are not evidence of bias or prejudice, nor do they
19
     rebut the presumption that a judge discharges his or her duties impartially.
20
         In order to overcome this presumption, Petitioner would have to show that facts outside
21
     the record influenced decisions or that the judge's rulings were so irrational that they must be the
22
     result of prejudice. Petitioner does allege procedural "facts" which he believes create at least the
23

24

appearance of impartiality; a brief review of the procedural history of this case is required to demonstrate the fallacy of Petitioner's argument.

In July of 2015, Petitioner filed a motion for leave to proceed *in forma pauperis* ("IFP"), a necessary prerequisite for a party who wishes to prosecute a lawsuit in federal court but does not possess the financial means to pay the filing fee. Dkt. #1. The matter was randomly assigned to U.S. District Judge Benjamin H. Settle, but he was not the first judge to issue rulings in Petitioner's case. Among the duties assigned to Magistrate Judges in this district are the review of IFP motions. Petitioner's was reviewed and approved by U.S. Magistrate Judge J. Richard Creatura, upon approval of which Petitioner was permitted to file his petition for writ of habeas corpus. Dkts. #4 and #5.

It is permitted by the Federal Rules of Civil Procedure (and it is the practice in this District) to refer prisoner petitions to U.S. Magistrate Judges for the preparation of a Report and Recommendation ("R&R") to the presiding District Judge regarding the appropriate disposition of the matter. *See* Fed.R.Civ.P. 72(b). An R&R is not a final decision, nor is it binding on the presiding judge; it is simply a recommendation to which the parties are permitted to object. Following the issuance of the R&R on August 29, 2016, Petitioner filed his objections to the Recommendation and the Government filed its response to those objections. Dkts. #38, #43 and #45.

Once the R&R is issued, the matter returns to the presiding judge, whose role is to review the R&R and any objections, then issue the final ruling on whatever dispositive motion is pending. That is precisely what Judge Settle did. On January 17, 2017, he issued an Order adopting in part and declining to adopt in part the R&R filed by Judge Creatura. *See* Dkt. #49. That portion of the R&R which he declined to adopt was then returned to Judge Creatura "for further consideration of a potential Sixth Amendment claim within ground 1." *Id.* at 3.

So the matter is now back before Judge Creatura for consideration of a potential Sixth Amendment claim in keeping with Judge Settle's ruling. It appears to this Court that Petitioner's

1  request for recusal springs at least in part from a misunderstanding of how his petition has

2  progressed procedurally through this District.  His motion speaks to his understanding that "a new

3  Judge to wit J. Settle had been appointed to his case."  Dkt. #57 at 6.  He refers in his recusal

4  motion to his belief that "this Court had [then] *re-assigned* J. Creatura the decision-making process

5  of this case/petitioner's case" (*id.* at 2; emphasis added), and poses the question of "how did J.

6  Creatura get reassigned to movant's case?"  *Id.* at 5.  He goes so far as to speculate that somehow

7  Judge Creatura engineered his "reassignment" in order "to rectify his previous ruling/R&R."  *Id.*

8  at 8.  This, he argues, raises a question of bias on Judge Creatura's part and justifies Petitioner's

   request that Judge Creatura recuse himself.

9       Because it is based on a misconception of the procedural mechanism for habeas corpus

10 petitions in the Western District of Washington, the argument is without merit.  Judge Settle has

11 always been (and will continue to be) the presiding judge in Petitioner's case, and it is he who will

12 have the final word on the disposition of this petition.  Because Judge Creatura was the Magistrate

13 Judge to whom the petition was referred (in keeping with the practice of this District), the matter

14 was properly referred back to him when the presiding judge declined to adopt a portion of the

15 R&R.  This Court has every confidence that Judge Creatura will consider the Sixth Amendment

16 grounds cited in Judge Settle's order (and Petitioner's pleadings) and issue a further R&R based

17 on his understanding of the law and the facts of Petitioner's case.  Outside of his disagreement

18 with Judge Creatura's original ruling, Petitioner has cited no grounds which would indicate

   otherwise.

19      The Court finds no evidence upon which to reasonably question Judge Creatura's

20 impartiality and AFFIRMS his denial of Petitioner's request that he recuse himself.

21      The Clerk SHALL provide copies of this Order to Petitioner and to all counsel of record.

22 ///

23 ///

24 ///

1        DATED this 26 day of June, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE